CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 14 2016

JULIA C*****, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LARRY D. STORES, | ) |
| Plaintiff, | ) Civil Action No. 7:16CV00088 |
| v. | ) **MEMORANDUM OPINION** |
| MEGAN J. BRENNAN, POSTMASTER GENERAL, | ) By: Hon. Glen E. Conrad<br>) Chief United States District Judge |
| Defendant. | ) |

Larry D. Stores, proceeding pro se, filed this action against Megan J. Brennan, Postmaster General of the United States Postal Service ("Postal Service"), asserting claims of discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the Rehabilitation Act of 1973 ("Rehabilitation Act"). The case is presently before the court on the Postal Service's motion to dismiss. For the reasons that follow, the motion will be granted in part and denied in part.

## Background

At all times relevant to the instant action, Stores was employed by the Postal Service as a Maintenance Mechanic at the Roanoke, Virginia Processing and Distribution Center ("Roanoke P&DC"). On or about September 23, 2014, Stores applied for the position of Supervisor of Maintenance Operations ("Maintenance Supervisor") at the Roanoke P&DC. On December 1, 2014, Stores was notified that he was not selected for the position.

Stores initiated contact with the Postal Service Equal Employment Opportunity ("EEO") Office on December 9, 2014. On December 17, 2014, Stores completed an Information for Pre-Complaint Counseling form, on which he alleged that he had been discriminated against based

upon his race, sex, age, and unspecified disability. Stores indicated that a nondisabled, white female under the age of 40 had been selected for the position of Maintenance Supervisor, and that he was of the belief that he was more qualified for the position. Stores sent the form via priority mail on December 19, 2014, and it was received by the EEO Contact Center on December 22, 2014.

On March 9, 2015, the Postal Service completed its informal investigation and forwarded Stores a Notice of Right to File a Formal EEO Complaint. In the Notice, Stores was instructed that he "would have 15 days from the date of receipt of [the Notice] to file a timely formal complaint." Def.'s Ex. A, Docket No. 7-1 at 78. Stores was further advised that such complaint "could be subject to dismissal in accordance with 29 CFR Part 1614.107 if not filed within the 15 day time limit." Id. Stores was told that the complaint "will be deemed timely if it is postmarked before the expiration of the 15 day time limit." Id.

Because Stores' informal complaint cited age as one of the discriminatory factors allegedly relied upon by the Postal Service, Stores was also advised that "[t]he ADEA allows persons claiming age discrimination to go directly to court without going through an agency's administrative complaint procedures." Id. at 79. The Notice referred Stores to an enclosed PS Form 2563-B, which explained that ADEA claims could be taken directly to federal court only after filing a notice of intent to sue within 180 calendar days of the date of the alleged discriminatory action. Stores received the Notice on March 12, 2015.

Approximately two weeks later, Stores provided written notice of his "intent to file a civil action under [the ADEA]." Docket No. 7-1 at 95. The notice was sent to the Equal Employment Opportunity Commission ("EEOC") by priority mail on March 24, 2015.

2

On August 14, 2015, Stores drafted a letter clarifying that he did "not intend to file a civil action at [that] time," but wanted to "preserve [his] right to file a civil action" in the event that the administrative process was not resolved to his satisfaction. Id. at 90. The letter was sent to the Postal Service EEO Office by priority mail on August 15, 2015.

The Manager of EEO Compliance and Appeals responded to Stores' letter on August 18, 2015. The Manager advised Stores that the Postal Service EEO Office's records indicated that he had been provided with a Notice of Right to File a Formal EEO Complaint in March of 2015, and that no formal administrative complaint had been filed.

On August 28, 2015, at Stores' request, the EEO Specialist assigned to his case sent him another copy of the Notice of Right to File a Formal EEO Complaint. The EEO Specialist advised Stores that the correspondence would not toll the time limits for filing a formal EEO complaint, and that if he filed a formal complaint at that time, it may be subject to dismissal for failing to comply with the applicable time limits.

On August 31, 2015, Stores executed a formal EEO Complaint of Discrimination in the Postal Service. The formal complaint was sent via priority mail on September 3, 2015.

On September 21, 2015, the formal complaint was dismissed on the basis that it was not timely filed. Stores appealed the dismissal to the Office of Federal Operations ("OFO"). The decision was affirmed by the OFO on February 5, 2016.

Stores filed the instant action on March 2, 2016. Stores claims that the Postal Service discriminated against him because of his race, age, and status as a disabled veteran when it did not select him for the position of Maintenance Supervisor.

On May 27, 2016, the Postal Service moved to dismiss the complaint on the basis that Stores failed to timely exhaust his administrative remedies. The court subsequently issued a

3

Roseboro[1] notice directing the plaintiff to file a response within twenty-one days, and advising the parties that if documents outside the pleadings were submitted by either side, the motion to dismiss might be considered as a motion for summary judgment. The plaintiff subsequently filed a response on June 15, 2016. The court held a hearing on the motion on August 9, 2016. The motion has been fully briefed and is ripe for review.

## Standard of Review

"[T]he failure to <u>timely</u> exhaust administrative remedies is not a jurisdictional deficiency but rather is in the nature of a violation of a statute of limitations." Harms v. IRS, 321 F.3d 1001, 1009 (10th Cir. 2003) (emphasis in original) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)); see also Jones v. Calvert Grp., Ltd., 551 F.3d 297, 301 n.2 (4th Cir. 2009). Accordingly, a motion to dismiss for failure to timely exhaust administrative remedies must be considered under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or converted to a motion for summary judgment under Rule 56, if, as in this case, matters outside the pleadings are presented to and not excluded by the court.[2] See Fed. R. Civ. P. 12(d); see also Tewksbury v. Ottaway Newspapers, Inc., 192 F.3d 322, 325 n.1 (2d Cir. 1999) (treating defendant's motion as one for summary judgment since defendant "submitted material extrinsic to the complaint, namely the charges [plaintiff] filed with the EEOC and its notice to [plaintiff] concerning those charges"); Rohan v. Networks Presentation LLC, 175 F. Supp. 2d 806, 809 (D. Md. 2001) (same).

---

[1] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

[2] The court notes that when a party has notice that a motion to dismiss will be treated as a motion for summary judgment based on the consideration of exhibits outside the pleadings, the court is not required to formally notify the party that the motion to dismiss will be treated as a motion for summary judgment. Laughlin v. Metro. Washington Airports Auth., 149 F.3d 253, 261 (4th Cir. 1998). As previously stated, the Roseboro notice issued on May 31, 2016 advised the parties that if documents outside the pleadings were submitted by either side, any motion to dismiss under Rule 12(b)(6) may be considered as a motion for summary judgment. Based on this notice, the court finds that both sides were clearly on notice of the possibility that the court would consider the exhibits submitted by the parties and convert the defendant's motion to dismiss to a motion for summary judgment.

4

Under Rule 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether to grant a motion for summary judgment, the court must view the record in the light most favorable to the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## Discussion

### I. Title VII and the Rehabilitation Act

Stores claims that he was subjected to discrimination based on his race, in violation of Title VII, and his status as a disabled veteran, in violation of the Rehabilitation Act. "Federal employees . . . who seek to enforce their rights under Title VII . . . and the Rehabilitation Act must exhaust their available administrative remedies before pursuing an action in federal court." Melendez v. Sebelius, 61 F. App'x 762, 763 (4th Cir. 2015) (citing 42 U.S.C. § 2000e-16(c); 29 U.S.C. § 794a(a)(1)). As part of this requirement, federal employees must comply with all applicable filing deadlines. See Brown v. Dollar, 122 F. App'x 664, 665 (4th Cir. 2005) (affirming the dismissal of a Title VII action for failure to timely exhaust administrative remedies); Emmert v. Runyon, No. 98-2027, 1999 U.S. App. LEXIS 8264, at *7 (4th Cir. Apr. 29, 1999) (affirming the dismissal of an action under the Rehabilitation Act for failure to timely exhaust administrative remedies).

The administrative remedies that a federal employee must exhaust prior to filing suit are set forth in regulations promulgated by the EEOC. Belgrave v. Pena, 254 F.3d 384, 386 (2d Cir. 2001). First, the employee must "consult with a counselor at the relevant agency's Equal Employment Office ("EEO") within 45 days of the alleged discriminatory act." Id. (citing 29 C.F.R. § 1614.105(a)(1). If the matter is not resolved after a mandatory counseling period, the

5

employee must "file a formal written administrative complaint (EEO complaint) within 15 days of receipt of the EEO counselor's notice of . . . right to file a formal complaint (EEO notice)." Id. (citing 29 C.F.R. § 1614.106(a) & (b)). The agency may dismiss a formal complaint that is not filed within the fifteen-day time limit. 29 C.F.R. 1614.107(a)(2). Likewise, a federal employee's failure to comply with the fifteen-day time limit "constitutes grounds for dismissal" of a Title VII or Rehabilitation Act claim in federal court. Blount v. Shalala, 32 F. Supp. 2d 339, 341 (D. Md. 1999), aff'd, 199 F.3d 1326 (4th Cir. 1999); see also Vazquez-Rivera v. Figueroa, 759 F.3d 44, 49 (1st Cir. 2014); Wadhwa v. Sec'y Dep't of Veterans Affairs, 396 F. App'x 881, 885 (3d Cir. 2010).

In this case, it is undisputed that Stores received the Notice of Right to File a Formal EEO Complaint on March 12, 2015. Under § 1614.106(b), Stores was required to file a formal EEO complaint within fifteen days of that date. According to evidence proffered by the Postal Service, Stores did not file a formal EEO complaint until September 3, 2015, more than five months after the fifteen-day time period expired.

In his brief in response to the pending motion, Stores contends that he mailed a formal complaint "within the 15-day timeframe . . . through first class mail," and that the formal complaint was either "lost in the mail" or "shredded up in the mail processing machines." Pl.'s Response to Mot. to Dismiss, Docket No. 9 at 1. While Stores has submitted photographs of other pieces of mail that were shredded or torn by the Postal Service's processing equipment, he has not presented any evidence sufficient to create a genuine dispute as to whether a formal EEO complaint was actually placed in the mail within the fifteen-day time period. He has produced no affidavit, sworn statement, receipt, or other evidence to support his assertion that the formal

6

complaint was mailed in a timely manner.[3] In the absence of any evidence to support this assertion or to rebut the documentary evidence indicating that he did not timely exhaust his administrative remedies, the court concludes that the Postal Service is entitled to judgment as a matter of law on the claims under Title VII and the Rehabilitation Act.[4]

II. <u>ADEA</u>

Stores also claims that the Postal Service discriminated against him on the basis of his age, in violation of the ADEA. Unlike Title VII and the Rehabilitation Act, the ADEA does not require federal employees to exhaust administrative remedies prior to filing suit. See <u>Stevens v. Dep't of Treasury</u>, 500 U.S. 1, 5 (1991) ("A federal employee complaining of age discrimination . . . does not have to seek relief from his employing agency or the EEOC at all."). Instead, "[t]he ADEA offers federal employees two independent routes to court."[5] <u>Reynolds v. Tangherlini</u>, 737 F.3d 1093, 1101 (7th Cir. 2013) (citing 29 U.S.C. § 633a). Under subsections (b) and (c) of § 633a, "[a]n individual may invoke the EEOC's administrative process and then file a civil action in federal district court if he is not satisfied with his administrative remedies." <u>Stevens v. Dep't of Treasury</u>, 500 U.S. 1, 5 (1991). Alternatively, "[h]e can decide to present the merits of the claim to a federal court in the first instance," pursuant to § 633a(d). <u>Id.</u> at 6. These two options "are

---

[3] While not dispositive, Stores has also provided no explanation as to why he would have utilized first class mail to send the formal complaint, rather than priority mail. The record reveals that every other document that Stores filed in this matter, including his Information for Pre-Complaint Counseling form, was sent via priority mail with tracking.

[4] The court notes that the timely exhaustion of administrative remedies is a "requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." <u>Zipes</u>, 455 U.S. at 393. Stores does not argue, however, that waiver, estoppel, or equitable tolling is applicable in this case, nor do his submissions otherwise reflect an arguable basis for applying any of these doctrines.

[5] In this regard, federal employees are treated differently than nonfederal employees. See <u>Forester v. Chertoff</u>, 500 F.3d 920, 924 (9th Cir. 2007) ("A <u>private</u> or <u>state</u> . . . employee who believes he has been discriminated against on the basis of age must file a complaint with the EEOC within 180 days of the alleged discrimination, or 300 days in a deferral state . . . . By contrast, a <u>federal employee</u> who believes he has been discriminated against because of age has two options under 29 U.S.C. § 633a (2000).") (citations omitted).

7

not mutually exclusive"; "filing an administrative claim with the EEOC does not foreclose the option of proceeding directly to federal court." McKnight v. Gates, 282 F. App'x 394, 397 (6th Cir. 2008) (citing Langford v. U.S. Army Corps of Eng'rs, 839 F.2d 1192, 1195 (6th Cir. 1988)); see also Gibbard v. Potter, No. 5:05CV44, 2006 U.S. Dist. LEXIS 7238, at *10-13 (W.D.N.C. Feb. 8, 2006) (holding that a federal employee who failed to timely exhaust her administrative remedies was nonetheless able to proceed under § 633a(d)).

With respect to the administrative-exhaustion option, "the ADEA requires the EEOC to 'provide for the acceptance and processing of complaints of discrimination in Federal employment on account of age.'" Reynolds, 737 F.3d at 1101 (quoting 29 U.S.C. § 633a(b)(3)). "The EEOC's procedural regulations for ADEA charges are, in turn, the same as those governing Title VII charges." Id. As is true under Title VII, a federal employee "must comply with all applicable deadlines." Permoda v. Peters, No. 1:06-cv-334, 2007 U.S. Dist. LEXIS 70251, at *8 (W.D. Mich. Sept. 21, 2007) (collecting cases).

Under the second option, a federal employee may bypass the administrative process in whole or in part and proceed directly to federal court. An employee who wishes to avail himself of this option must file a notice of intent to file a civil action with the EEOC within 180 days from the alleged discriminatory conduct, and then wait at least thirty days before filing the civil action. See 29 U.S.C. § 633a(d); 29 C.F.R. § 1614.201; Stevens, 500 U.S. at 6.

Here, as explained above, there is insufficient evidence to establish that Stores timely exhausted his administrative remedies. Accordingly, he "cannot succeed in using the ADEA's administrative-exhaustion route to federal court." Reynolds, 737 F.3d at 1102; see also Gibbard, 2006 U.S. Dist. LEXIS 7238, at *10 ("Since Plaintiff failed to meet the 45 day administrative requirement, under this avenue Plaintiff's age discrimination is not properly before the Court.").

8

This conclusion is not dispositive, however, since Stores "could still file suit under § 633a(d)." Permoda, 2007 U.S. Dist. LEXIS 70251, at *8; see also Gibbard, supra. Viewing the record in the light most favorable to Stores, the court concludes that he satisfied the prerequisites to filing suit under this statutory provision. On March 24, 2015, less than 180 days after learning that he had not been selected for the Maintenance Supervisor position, Stores provided notice of his "intent to file a civil action under [the ADEA]" regarding the hiring decision. Docket No. 7-1 at 95. As required by the EEOC's current regulations, the notice was sent directly to the "EEOC, at P.O. Box 77960, Washington, DC 20013." 29 C.F.R. § 1614.201. Additionally, since the instant action was not filed until March 2, 2016, Stores gave the EEOC more than 30 days' notice prior to commencing suit. See Stevens, 500 U.S. at 6 (emphasizing that § 633a(d) "calls for notice of not less than 30 days to the [EEOC] of an intent to sue (not notification within 30 days)," and, thus, that the requirement was met in the case before it, where the "EEOC was notified on October 19, 1987 . . . [a]nd suit was not filed until May 3, 1988").

While the Postal Service contends that Stores subsequently "withdrew" his notice of intent to file a civil action, the court is unable to agree. Instead, Stores' August 14, 2015 letter merely clarified that he did "not intend to file a civil action at [that] time," but "want[ed] to preserve [his] right to file a civil action if the EEOC administrative process [did] not resolve the situation to [his] satisfaction." Docket No. 7-1 at 90. Notably, when an individual proceeds to federal court under § 633a(d), "[t]he statute does not expressly impose any additional limitations period for a complaint of age discrimination." Stevens, 500 U.S. at 7. The ADEA only requires that the plaintiff notify the EEOC within 180 days of the allegedly discriminatory act or practice and then wait at least 30 days before filing suit. See 29 U.S.C. § 633a(d); Stevens, 500 U.S. at 5-6. Because Stores fulfilled both of these procedural requirements prior to filing the instant action, and

9

since the action was filed "well within whatever statute of limitations might apply,"[6] Stores' claim under the ADEA is not subject to dismissal. Stevens, 500 U.S. at 8 (internal quotation marks omitted).

## Conclusion

For the reasons stated, the Postal Service's motion to dismiss will be granted in part and denied in part. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 14th day of September, 2016.

_____
Chief United States District Judge

---

[6] The instant action was filed approximately one year and three months after the allegedly discriminatory conduct at issue. As noted above, the section of the ADEA governing the rights of federal employees contains no statute of limitations. Stevens, 500 U.S. at 7. In Stevens, the Supreme Court explained that because the ADEA does not expressly impose any additional limitations period, the proper analysis is to "assume, as [the Court] has before, that Congress intended to impose an appropriate period borrowed either from a state statute or an analogous federal one." Id. The Supreme Court ultimately declined to decide which limitations period is applicable to civil actions filed under 29 U.S.C. § 633a(d), since "Stevens filed his suit . . . only one year and six days after the allegedly discriminatory event of April 27, 1987," which was "well within whatever statute of limitations might apply to the action." Id. at 8; see also Rossiter v. Potter, 357 F.3d 26, 28 (1st Cir. 2004) (electing to apply the FLSA's limitations period to "bypass actions brought under 29 U.S.C. § 633a," and holding that the action before it, which was filed one year and ten months after the occurrence of the allegedly discriminatory act, was timely).

10