CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 13 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| LARRY D. STORES, | ) |
| Plaintiff, | ) Civil Action No. 7:16CV00088 |
| v. | ) **MEMORANDUM OPINION** |
| MEGAN J. BRENNAN, POSTMASTER GENERAL, | ) Hon. Glen E. Conrad<br>) Chief United States District Judge |
| Defendant. | ) |

Larry D. Stores filed this action under the Age Discrimination in Employment Act of 1967 ("ADEA") against Megan J. Brennan, Postmaster General of the United States Postal Service ("Postal Service"). Stores claims that the Postal Service failed to promote him to a supervisory position because of his age. The Postal Service has moved for summary judgment. For the reasons that follow, the motion will be granted.

### Background

The following facts are either undisputed or presented in the light most favorable to the plaintiff. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Libertarian Party of Va. v. Judd, 718 F.3d 308, 313 (4th Cir. 2013).

Stores was employed by the Postal Service from May of 1980 until his retirement in September of 2016. For most of his career, Stores worked as a Maintenance Mechanic at the Roanoke, Virginia Processing and Distribution Center (the "Roanoke P&DC"). In this non-supervisory position, Stores was considered a "craft" employee. Stores Dep. 30, Docket No. 25-1. His supervisory experience with the Postal Service was limited to filling in as a temporary supervisor for "a couple of months back in the early '90's." Id. at 29.

Stores also served in the United States Army Reserves from November 1, 1972 until June 1, 1995. During part of his time in the Reserves, Stores supervised lower-ranking officers. See id. at 35-36 ("Basically in the Reserves . . . I would supervise other people because I was a staff sergeant.").

On September 23, 2014, the Postal Service posted openings for the position of Supervisor of Maintenance Operations ("SMO") at the Roanoke P&DC. There were three SMO positions available, one for each of the three eight-hour shifts. Candidates were able to apply for any or all of the openings through eCareer, an online job application system. The listed duties and responsibilities included supervising electronic technicians, mechanics, custodians, and maintenance technicians; supervising preventative and maintenance activities; supervising the preparation of work assignments and maintenance schedules; ensuring that maintenance employees received proper training; and meeting with union representatives to resolve disagreements.

Seven candidates applied for one or more of the open SMO positions. All seven, including Stores, applied for the daytime position. Stores did not apply for either of the other vacancies.

Victor Burgess, the Manager of Maintenance at the Roanoke P&DC, served as the Selecting Official for the posted SMO positions. After interviewing several candidates, including Stores, Burgess selected Sheila Belcher for the daytime SMO position. Belcher had eighteen years of management experience with the Postal Service. For over sixteen years, Belcher served as the Postmaster or Officer-in-Charge of various post offices in Virginia and West Virginia. She then served, on an interim basis, as the Supervisor of Mail Processing in Bluefield, West Virginia, the Supervisor of Distribution Operations in Charleston, West Virginia, the Supervisor of

Customer Service in Bluefield, West Virginia, and the Supervisor of Distribution Operations in Roanoke. Additionally, at the time of her interview, Belcher was temporarily serving as an acting SMO at the Roanoke P&DC.

On December 1, 2014, Stores was notified that he was not selected for the daytime SMO position. He was 64 years old at the time of the decision; Belcher was 54 years old.

## Procedural History

On March 2, 2016, Stores filed the instant action asserting claims of discrimination under the ADEA, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Rehabilitation Act of 1973 ("Rehabilitation Act"). On September 14, 2016, the court dismissed the claims under Title VII and the Rehabilitation Act for failure to timely exhaust administrative remedies. Stores v. Brennan, No. 7:16CV00088, 2016 U.S. Dist. LEXIS 125580 (W.D. Va. Sept. 14, 2016).

Following the completion of discovery, the Postal Service moved for summary judgment on the remaining claim of discrimination under the ADEA. The court held a hearing on the motion on April 10, 2017. The matter has been fully briefed and is ripe for review.

## Standard of Review

Rule 56 of the Federal Rules of Civil Procedure permits a party to move for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether to grant a summary judgment motion, the court must view the record in the light most favorable to the nonmoving party, and draw all reasonable inferences in his favor. Anderson, 477 U.S. at 255; Libertarian Party of Va., 718 F.3d at 312. However, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' in

support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (quoting Phillips v. CSX Transp., Inc., 190 F.3d 285, 287 (4th Cir. 1999)).

## Discussion

"The ADEA creates a cause of action for certain federal employees over the age of 40 who allege discrimination on the basis of age." Laber v. Harvey, 438 F.3d 404, 430 (4th Cir. 2006) (citing 29 U.S.C. § 633a). Where, as here, there is no direct evidence of discrimination, courts apply the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1983). Id.; see also Warch v. Ohio Cas. Ins. Co., 435 F.3d 510, 513-14 (4th Cir. 2006). "Under this framework, the plaintiff must first establish a prima facie case of discrimination." Laber, 438 F.3d at 430. "Once a plaintiff makes this prima facie case, he creates a presumption of discrimination, and the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for its adverse employment action." Id. "If the defendant satisfies this burden, the presumption disappears and the plaintiff must show that the articulated reason is a pretext for age discrimination." Id.

For purposes of this analysis, the court will assume that Stores made out a prima facie case of age discrimination. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 960 (4th Cir. 1996) (noting that the burden of establishing a prima facie case of discrimination is "not onerous") (citation and internal quotation marks omitted). Accordingly, the burden shifts to the Postal Service to offer a legitimate, nondiscriminatory justification for the hiring decision. Id. The Postal Service has met this burden by producing evidence that the Selecting Official, Victor Burgess, determined that Belcher was better qualified for the SMO position, based on her prior management experience, her thorough written application, and her detailed responses to interview questions. See, e.g., Hux v. City of Newport News, 451 F.3d 311, 314 (4th Cir. 2006)

(concluding that the defendant met its burden by providing evidence that it did not promote the plaintiff "because male candidates were better qualified"). As a result, Stores must show that the proffered justification is pretext for intentional discrimination. Id. "In evaluating pretext, the court does not 'decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the [decision].'" King v. Pulaski Cnty. Sch. Bd., 195 F. Supp. 3d 873, 888 (W.D. Va. 2016) (quoting Hawkins v. PepsiCo, Inc., 203 F.3d 274, 279 (4th Cir. 2000)).

In response to the pending motion, Stores argues that he was better qualified than Belcher for the SMO position. Stores emphasizes that he had held the position of Custodian or Maintenance Mechanic at the Roanoke P&DC for over 37 years, that he had been trained to use all of the mail processing equipment, and that he had attended several maintenance schools during his tenure with the Postal Service.

It is well settled that "'[a] plaintiff alleging a failure to promote can prove pretext by showing that [he] was better qualified'" for the position at issue. Id. (quoting Heiko v. Colombo Savings Bank, F.S.B., 434 F.3d 249, 259 (4th Cir. 2006)). However, the plaintiff "cannot establish [his] own criteria for judging [his] qualifications for the promotion." Anderson v. Westinghouse Savannah River Co., 406 F.3d 248, 269 (4th Cir. 2005). Instead, he "must compete for the promotion based on the qualifications established by [his] employer." Id.; see also Heiko, 434 F.3d at 259 ("[W]e are mindful that we assess relative job qualifications based on the criteria that the employer has established as relevant to the position in question.").

In this case, because the SMO position is a supervisory one, Burgess focused heavily on the applicants' prior management experience, and whether that experience would help them succeed as an SMO. See Burgess Decl. ¶ 12, Docket No. 25-2. Although Stores may have had more technical experience than all of the other candidates for the SMO positions, he has not presented

evidence that would allow a reasonable jury to find that his prior management experience was superior to Belcher's. Other than working as a temporary supervisor for a few months in the early 1990's, Stores had no prior management experience with the Postal Service. In contrast, Belcher had eighteen years of management experience with the Postal Service, both as a Postmaster and as the interim supervisor of several different divisions, including Maintenance Operations.* Moreover, Belcher was serving as an acting SMO at the time of her interview and, therefore, "was able to answer the interview questions pertaining to the job in detail." Burgess Decl. ¶ 13; see also Christian v. S.C. Dep't of Labor Licensing & Regulation, 651 F. App'x 158, 167 (4th Cir. 2016) (concluding that no reasonable jury could find that an employer acted with discriminatory intent in awarding a management position to an individual who "had twenty-one years of experience [with the department] and had performed well as the interim Assistant Deputy Director"); Grayson v. City of Chicago, 317 F.3d 745, 749 (7th Cir. 2003) (holding that the employer's reason for promoting two other employees rather than the plaintiff – "that they were serving in the acting positions" – "was a legally sufficient reason that [the plaintiff had] not shown to be pretextual").

In his brief in opposition, Stores also emphasizes that he "supervised troops for many years in the United States Army Reserves," and questions whether Belcher is "familiar with the military." Br. in Opp'n to Mot. for Summ. J. 1, Docket No. 31. Stores indicated on his application for the SMO position that he retired from the Reserves in 1995. Aside from the conclusory assertion in his opposition brief, Stores does not explain how the experience he

---

* Stores attempts to downplay the significance of Belcher's prior experience by noting that she served as the Postmaster at several small postal facilities. This argument misses the mark. Regardless of how many employees Belcher supervised as Postmaster, the fact remains that she acquired management experience in that position with the Postal Service. Moreover, Stores' own opinion regarding the value of Belcher's prior experience has no bearing on the outcome of this case. See Evans, 80 F.3d at 960 (emphasizing that a plaintiff's "bald assertions concerning [his] own qualifications and the shortcomings of [his] co-workers fail to disprove [an employer's] explanation or show discrimination").

acquired in the military over twenty years ago made him better qualified for the SMO position, much less cite to any evidence that would allow a reasonable jury to make that finding. In the absence of such evidence, or any other circumstantial evidence that would undermine the credibility of the stated reasons for selecting Belcher, the court concludes that the Postal Service is entitled to summary judgment.

## Conclusion

For the reasons stated, Stores has failed to present evidence from which a reasonable jury could find that Burgess' reasons for selecting Belcher for the daytime SMO position were pretext for age discrimination. Accordingly, the court must grant the Postal Service's motion for summary judgment.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

DATED: This 13th day of April, 2017.

_____
Chief United States District Judge